**DANIEL  NOBEL**                                                401 Broadway, 25th Floor
  Attorney at Law                                                   New York, NY 10013

*Telephone:  (212) 219-2870*
*Fax:          (212) 219-9255*
*E-mail:     dan@dannobellaw.com*

                                                                October 7, 2010

Honorable Robert W. Sweet
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

By ECF and fax

                              Re:     United States v. Theodore A. Puckett
                                              10 Cr. 006

Dear Judge Sweet:

       Mr. Theodore Puckett is scheduled for sentencing on Tuesday, October 12, 2010, on his conviction for a violation of 18 USC § 248(a)(1) and (b)(1) after a bench trial.  It is agreed by the government and the Probation Office that this offense is a class B misdemeanor to which the Sentencing Guidelines do not apply.  *See,* PSR ¶ 17, adopting position taken in e-mail of AUSA Alvin Bragg dated September 30, 2010.  The statutory maximum sentence is 6 months.  Probation is an available sentence.  This letter is submitted in support of an application for a sentence of probation.  It is contended here that consideration of the factual allegations against Mr. Puckett, and consideration of the criteria of 18 USC § 3553(a), warrant granting that application.

**Facts adduced at trial show that Mr. Puckett engaged in passive, non-confrontational, conduct:**

       The trial testimony established that on the early morning of April 26, 2010, a Saturday, Mr. Puckett and co-defendant Richard Dugan were involved in a protest at the Planned Parenthood clinic located at 26 Bleecker Street, New York, New York.  The clinic opens to staff at 7:00 a.m. on Saturdays and to patients at a later time. T. 8, 18.[1]  The encounter that was the subject of the trial testimony began shortly after 7:00 a.m. and involved only the defendants and employees of the clinic (T. 18, 43).   The testimony was that while Mr. Dugan block employees from entering the main entrance, Mr. Puckett stood in front of an entrance to the clinic that was

---

[1] The testimony was inconsistent as to whether the clinic was open to patients at 7:30 a.m. (T. 18) or at 8:00 or 8:30 (T. 8).

Honorable Robert W. Sweet
October 7, 2010
Page 2

not used on Saturdays. (T. 10, 22). There was no testimony that any person – staff or client – attempted to gain entrance through that door while Mr. Puckett was standing there.

Following Mr. Dugan's arrest, Mr. Puckett moved to the main entrance where he immediately knelt with his hands locked in the tradition posture of prayer. (T. 54, 61 - 62). At the time only police were positioned in front of the main entrance while the staff and clients stood in the background. (T. 86 - 87). The staff and clients of the clinic entered through the main entrance even as Mr. Puckett was being placed under arrest. (T. 87).

**Consideration of the 18 USC §3553(a) criteria:**

The overarching mandate of 18 U.S.C. § 3553(a)(1) is for consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant." In this case the facts relevant to the offense conduct are consistent with those of an individual involved in a peaceful act of civil disobedience challenging a practice the defendant finds to be inconsistent with his deeply held religious convictions. Mr. Puckett knelt in prayer in front of the clinic's main entrance under circumstances that, at most, could have only momentarily inconvenienced the staff and clients of the Planned Parenthood clinic. Mr. Puckett did not confront any staff or client of the clinic. His actions took place primarily before the clinic was to be opened to the public. He assumed his posture of prayer in front of the main entrance at a time when the police were already on the scene but before the staff and patients sought to resume entering the clinic. Mr. Puckett's actions were clearly designed to make a political statement and not to physically intimidate anyone.

The purposes of the sentencing criteria of 18 USC § 3553(a)(2)(A) – (2)(C), which entail consideration of the seriousness of the offense, promoting respect for the law, providing just punishment, and achieving deterrence, can all be accomplished with a sentence that does not include a period of incarceration. It is difficult to see how any available sentence of incarceration would enhance these sentencing factors. The seriousness of the offense was substantially mitigated by the non-violent, and even non-confrontational, nature of the offense conduct. A sentence involving probation continues the Court's jurisdiction over Mr. Puckett and would achieve as great, or greater, deterrence than a brief period of incarceration. Imposing a prison term for a non-violent protest such as Mr. Puckett engaged in would just as likely undermine respect for the law as enhance it.

The consideration of educational opportunity mandated in 18 USC § 3553(a)(2)(D) is less significant in the context of a B misdemeanor offense than it would be for a felony offense that has a much higher statutory sentencing range. The criteria of 18 USC § 3553(a)(6), which mandates comparison of the requested sentence to that imposed on other similarly situated defendants, does not support a sentence of incarceration on the instant facts. Acts of political protest, when they involve non-violent civil disobedience, even if in violation of a low level

Honorable Robert W. Sweet
October 7, 2010
Page 3

crime, are frequently resolved without incarceration.  This is true even for repeat offenders acting out of religious or political conviction.

**Sentencing recommendation:**

    It is recommended that Mr. Puckett receive a sentence of one year probation.

                                    Respectfully submitted,

                                        Daniel Nobel

cc:  AUSA Alvin Bragg
     By ECF and e-mail attachment